■ In the Matter of BUENO REALTY CORP., Appellant, v. FREDERIC S. BERMAN, as City Rent and Rehabilitation Administrator, Respondent.— In a proceeding pursuant to CPLR article 78 (a) to annul a determination of the New York City Rent and Rehabilitation Administrator rejecting, for filing, petitioner's "Landlord's Report of Statutory Decontrol" and (b) to direct the Adminstrator to file the same and to adjust the rent regulation records accordingly, petitioner appeals from a judgment of the Supreme Court, Kings County, dated December 28, 1967, which dismissed the proceeding. Judgment affirmed, without costs. Petitioner owns a four-family apartment house in which one apartment (the first floor front), which had been owner-occupied by one Mencher from September 1, 1950 to August 31, 1953 and rented on September 1, 1953, was decontrolled pursuant to the provisions of the State Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd.) then in effect. An order of decontrol with respect to this apartment, dated May 18, 1964, was issued by the City Rent and Rehabilitation Director. Mencher sold the premises on May 3, 1960 to Louis Meron and Lilly Feld, the latter of whom occupied the second floor front apartment, the subject of the controversy at bar, from July, 1960 to September 22, 1966, during which period the City Rent and Rehabilitation Law, effective May 1, 1962, was enacted. The pertinent part of this statute followed the pertinent part of the State Rent Control Law by removing from rental control "Housing accommodations rented after April * * * [1, 1953], which were or are continuously occupied by the owner thereof for a period of one year prior to the date of renting" (Administrative Code of the City of N. Y., § Y 51–3.0, subd. e, par. 2, cl. [i], subpar. [3]). However it specifically excepted from rent control exemption "any such housing accommodation rented on or after May * * * [1, 1962], where an exemption of any housing accommodation in the same building was obtained under paragraph (h) of subdivision two of section two of the state rent act or has been previously obtained under this item (3) " (Administrative Code, § Y51–3.0, subd. e, par. 2, cl. [i], subpar. [3]). In our opinion, assuming without determining that the subject apartment was, under the circumstances adduced, decontrolled prior to May 1, 1962, the facts that (1) it was not rented until after said date and (2) another apartment in the same premises had been previously decontrolled bring it within the purview of control under the City Rent Act, which was designed to remedy an actual and manifest evil and to prevent the practice whereby a landlord by moving from one apartment to another could obtain decontrol of a building, as well as the device of obtaining decontrol by multiple ownership (Report of Committee on General Welfare, N. Y. C. Council, dated April 10, 1962, p. 6). Nor is the fact that different owners were involved in effecting decontrol of each apartment, by reason of their occupancy thereof, persuasive of permitting decontrol of more than one apartment, which was the ultimate result sought to be proscribed by the City Rent Act (cf. *Matter of Carey* v. *Gabel*, N. Y. L. J., Dec. 7, 1964, p. 17, col. 3, affd. 23 A D 2d 966). Petitioner acquired no vested right to the continuation in perpetuity of the law in effect at the time the second apartment was owner-occupied on the theory that the prior regulation benefits it. Nor did petitioner have in any particular rule an interest so vested as to entitle it to keep the rule unchanged (*I.L.F.Y. Co.* v. *City Rent & Rehabilitation Administration,* 11 N Y 2d 480; cf. *I.L.F.Y. Co.* v. *Temporary State Housing Rent Comm.,* 10 N Y 2d 263). In our opinion, the situation at bar lends itself to the applicability of such portion of the City Rent Act which excepts such situations from rent control exemption (*Matter of Ritorto* v. *City Rent & Rehabilitation Administration,* 25 A D 2d 496). Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.